UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
NORTHERN FOOD I/E INC.,

          Plaintiff,

    v.

AA USA TRADING, INC.,

          Defendant.
------------------------------------------------------------ x

Case No:

**COMPLAINT**

Plaintiff Northern Food I/E Inc. ("NORTHERN FOOD"), by and through its undersigned attorneys, for the Complaint in this action alleges as follows:

### THE PARTIES

1. NORTHERN FOOD is a corporation organized under the laws of New York, with its principal place of business at 117 State Street, Westbury, New York 11790.

2. On information and belief, Defendant AA USA Trading, Inc. ("AA USA Trading") is a corporation organized under the laws of New Jersey, with a principal place of business at 47 Reid Street, South River, New Jersey 08882.

### JURISDICTION AND VENUE

3. This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, et seq.; the New York General Business Law, N.Y. Gen. Bus. Law §§ 349, 350 and 360-L; and the common law of the State of New York.

4. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over the Defendant because it has committed and threatens to commit trademark infringement and other torts in this district; has caused injury to NORTHERN FOOD and its property in this district; and has purposely and directly targeted its activities at this district. Further, AA USA Trading transacts business in the state of New York.

6. Venue is proper in this district under 28 U.S.C. § 1391.

## THE WANGZHIHE TRADEMARK

7. NORTHERN FOOD is an Asian food manufacturer and has been engaged at all times relevant hereto in the creation, manufacture, sale, and distribution of Asian foods, including but not limited to, fermented bean curd.

8. One of the featured foods distributed by NORTHERN FOOD is fermented bean curd distributed under the trademark WANGZHIHE.

9. U.S. Trademark Registration No. 2,268,219 is for the stylized mark WANGZHIHE, as illustrated below:



and covers the goods "fermented bean curd" (the "WANGZHIHE Trademark").

10. The WANGZHIHE Trademark is owned by Beijing Ershang Wangzhihe Food Co. Ltd. ("Beijing Ershang"). Beijing Ershang is a Chinese corporation with a principle place of business located at No. 41, Fushi Road, Haidan District, Beijing, China.

11. NORTHERN FOOD is an exclusive licensee of Beijing Ershang to distribute fermented bean curd under the WANGZHIHE Trademark in the United States.

12. Beijing Ershang is incapable of enforcing its trademark rights to the WANGZHIHE Trademark in the United States and has appointed NORTHERN FOOD as its legal

representative. Beijing Ershang is incapable of enforcing its rights to the WANGZHIHE Trademark in the United States because Beijing Ershang is located in China, does not have a domestic representative in the United States for the WANGZHIHE Trademark, and none of the officers of Beijing Ershang speak English.

13. Since at least as early as January 31, 1997, the WANGZHIHE mark has been used as a trademark in U.S. commerce in connection with fermented bean curd. Since at least as early as August 1, 2017, NORTHERN FOOD has used WANGZHIHE as a trademark in U.S. commerce under a recorded assignment agreement with the mark owner.

14. A printout from the United States Patent and Trademark Office's ("USPTO") Trademark Status & Document Retrieval ("TSDR") Database showing the current status of the WANGZHIHE Trademark Registration is annexed hereto as Exhibit A.

15. NORTHERN FOOD, as exclusive licensee, has used, advertised, promoted, distributed and sold fermented bean curd in connection with the WANGZHIHE Trademark in interstate commerce in the United States.

16. NORTHERN FOOD enjoys significant annual sales of fermented bean curd advertised, distributed and sold in connection with the WANGZHIHE Trademark.

17. NORTHERN FOOD spends a substantial amount of money to advertise and promote the NORTHERN FOOD Goods in connection with the WANGZHIHE Trademark.

**DEFENDANT BAD ACTS**

18. On information and belief, Defendant AA USA Trading is in the business of marketing, promoting, and distributing food goods, including fermented bean curd, in interstate commerce in the United States.

19. On information and belief, in 2011, Defendant AA USA Trading and/or its licensees began using the trademark WANGZHIHE (the "Accused Mark") in connection with its line of foods, including fermented bean curd, in United States commerce.

20. The spurious WANGZHIHE foods marketed, distributed, advertised and sold by or on behalf of Defendant AA USA Trading are intended for the same consumers of Asian foods as Plaintiff's consumers.

21. Defendant AA USA Trading and/or its licensees are using the exact mark that is the subject of the WANGZHIHE Trademark Registration for goods that are identical or closely similar to the goods listed therein and/or goods covered by the WANGZHIHE Trademark, including fermented bean curd (the "Accused Goods").

22. NORTHERN FOOD's rights in the WANGZHIHE Trademark are prior to any trademark rights Defendant may have in the Accused Mark for the Accused Goods.

23. Defendant AA USA Trading and/or its licensees market, distribute, advertise and sell the Accused Goods under the Accused Mark in the same channels of trade in which NORTHERN FOOD provides the NORTHERN FOOD Goods under the WANGZHIHE Trademark.

24. Defendant AA USA Trading's and/or its licensees' use of the Accused Mark complained of herein began long after the WANGZHIHE Trademark was registered. The use by Defendant AA USA Trading is without authorization from Beijing Ershang and NORTHERN FOOD.

25. The Accused Mark is confusingly similar to the WANGZHIHE Trademark.

26. Defendant AA USA Trading's and/or its licensees' use of the Accused Mark is likely to cause consumers mistakenly to believe that the Accused Goods emanate from or are otherwise associated with NORTHERN FOOD or Beijing Ershang.

27. Such improper use of the Accused Mark by Defendant AA USA Trading and/or its licensees is likely to cause confusion, mistake and/or deception among the public as to the source of the Accused Goods.

28. On information and belief, Defendant AA USA Trading knew of Beijing Ershang's and NORTHERN FOOD's existing trademark rights in and to the WANGZHIHE Trademark for the food goods before it began making and/or licensing others to make unauthorized and infringing use of the Accused Mark for the same or closely similar goods.

29. On information and belief, Defendant AA USA Trading commenced use of the Accused Mark for the Accused Goods as described above in bad faith.

30. On information and belief, Defendant AA USA Trading is using the Accused Mark as described above in an attempt to trade on the enormous goodwill associated with the WANGZHIHE Trademark.

31. On information and belief, Defendant AA USA Trading has used and is using the Accused Mark as described above to identify and attract attention to Defendant's goods and business and to interfere with and disrupt the business and operations of NORTHERN FOOD and Beijing Ershang operating in United States commerce.

32. Defendant's acts described herein have caused NORTHERN FOOD and Beijing Ershang monetary damages and irreparable harm for which it has no adequate remedy at law.

### FIRST CAUSE OF ACTION
### (INFRINGEMENT OF A REGISTERED TRADEMARK UNDER FEDERAL LAW)

33. Paragraphs 1-32 above are re-alleged and reincorporated herein by reference as if set forth in full.

34. Defendant's and/or its licensees' use and threatened continued use of the Accused Mark is likely to cause confusion, to cause mistake, and to deceive as to the source, origin or sponsorship of the Accused Goods.

35. Defendant's and/or its licensees' use and threatened continued use of the Accused Mark is likely to cause the public wrongly to associate WANZHIHE with Defendant, to believe that WANGZHIHE is somehow affiliated or connected with Defendant, and/or to confuse Defendant and its goods with those of NORTHERN FOOD and Beijing Ershang.

36. Defendant's and/or its licensees' use and threatened continued use of the Accused Mark has caused and threatens NORTHERN FOOD and Beijing Ershang with irreparable injury for which they have no adequate remedy at law.

37. Defendant is liable to NORTHERN FOOD and Beijing Ershang for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER FEDERAL LAW)

38. Paragraphs 1-32 above are re-alleged and reincorporated herein by reference as if set forth in full.

39. Defendant's and/or its licensees' use and threatened continued use of the Accused Mark is likely to cause confusion, to cause mistake, and to deceive as to the source, origin or sponsorship of the Accused Goods.

40. Defendant's and/or their licensees' use and threatened continued use of the Accused Mark is likely to cause the public wrongly to associate WANGZHIHE with Defendant, to believe that WANGZHIHE is somehow affiliated or connected with Defendant, and/or to confuse Defendant and its goods with those of NORTHERN FOOD and Beijing Ershang.

41. Defendant's and/or its licensees' use and threatened continued use of the Accused Mark has caused and threatens NORTHERN FOOD and Beijing Ershang with irreparable injury for which it has no adequate remedy at law.

42. Defendant is liable to NORTHERN FOOD for trademark infringement in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

**THIRD CAUSE OF ACTION**
**(FALSE ADVERTISING UNDER FEDERAL LAW)**

43. Paragraphs 1-32 above are re-alleged and reincorporated herein by reference as if set forth in full.

44. Defendant's and/or its licensees' threatened continued use of the Accused Mark and certain representations made in their marketing of the products sold under the Accused Mark constitutes false or misleading descriptions of fact with respect to the nature, characteristics, qualities and/or origin of Defendant's goods.

45. Defendant is liable to NORTHERN FOOD for false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

**FOURTH CAUSE OF ACTION**
**(DECEPTIVE ACTS AND PRACTICES UNLAWFUL**
**UNDER NEW YORK STATE LAW)**

46. Paragraphs 1-32 above are re-alleged and reincorporated herein by reference as if set forth in full.

47. Defendant is liable to NORTHERN FOOD for deceptive acts and/or practices unlawful in violation of N.Y. Gen. Bus. Law § 349.

## FIFTH CAUSE OF ACTION
### (FALSE ADVERTISING UNDER NEW YORK STATE LAW)

48. Paragraphs 1-32 above are re-alleged and reincorporated herein by reference as if set forth in full.

49. Defendant is liable to NORTHERN FOOD for false advertising in violation of N.Y. Gen. Bus. Law § 350.

## SIXTH CAUSE OF ACTION
### (INJURY TO BUSINESS REPUTATION AND DILUTION UNDER NEW YORK STATE LAW)

50. Paragraphs 1-32 above are re-alleged and reincorporated herein by reference as if set forth in full.

51. Defendant is liable to NORTHERN FOOD for violations of N.Y. Gen. Bus. Law § 360-L.

## SEVENTH CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER NEW YORK COMMON LAW)

52. Paragraphs 1-32 above are re-alleged and reincorporated herein by reference as if set forth in full.

53. Defendant is liable to NORTHERN FOOD for unfair competition under New York Common Law.

## EIGHTH CAUSE OF ACTION
### (MISAPPROPRIATION UNDER NEW YORK COMMON LAW)

54. Paragraphs 1-32 above are re-alleged and reincorporated herein by reference as if set forth in full.

55. NORTHERN FOOD has a property interest in the WANGZHIHE Trademark and associated reputation and goodwill, which NORTHERN FOOD, as exclusive licensee and at significant expense, has built up through the use, advertising and promotion thereof.

56. The conduct of Defendant and/or its licensees is commercially immoral and constitutes an attempt to profit from the labor, skill, expenditures, name and reputation of NORTHERN FOOD.

57. Defendant is liable to NORTHERN FOOD for misappropriation under New York Common Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

(i) permanently enjoin Defendant's and/or its licensees' acts of trademark infringement, unfair competition, false advertising, deceptive acts and practices unlawful, injury to business reputation and misappropriation;

(ii) award NORTHERN FOOD compensatory damages as provided by law;

(iii) award NORTHERN FOOD statutory damages as provided by law;

(iv) award NORTHERN FOOD punitive damages as provided by law;

(v) award NORTHERN FOOD its costs, disbursements, and attorneys' fees incurred in bringing this action; and

(vi) award NORTHERN FOOD such other and further relief as the Court may deem just and proper.

Dated: April 15, 2019
      Melville, New York               Respectfully Submitted,

                                            LAZER, APTHEKER, ROSELLA & YEDID, P.C.

*/s/ Russell L. Penzer*
Russell L. Penzer
225 Old Country Road
Melville, New York 11747
Phone: (631) 761-0848
Fax: (631) 761-0726
*Attorneys for Plaintiff*